UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEGGY A. TRYTKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-175 JD |
| | ) |
| U.S. BANK HOME MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Currently before the Court are two outstanding Motions for Default Judgment filed by Plaintiff Peggy Trytko, one on April 18, 2017 [DE 4], and the other on May 8, 2017.[1] [DE 9] For the reasons stated herein, the Court will deny Ms. Trytko's Motions as premature.

Ms. Trytko filed her complaint in this case on February 28, 2017. [DE 1] After receiving no word from the Defendant, she should have first filed a motion for entry of default with the Clerk of this Court by demonstrating that the opposing party had failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a); *Hardwick v. Sunbelt Rentals, Inc.*, Case No. 09-cv-1106, 2009 WL 1329117, at \*\*1-2 (C.D. Ill. May 13, 2009) (citing *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)). Once the Clerk has entered default in a case, the moving party may *then* seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2); *UMG Recordings*, 461 F. Supp. 2d at 840; *see also Will-Burn Recording & Publ'g Co. v. Universal Music Group Records*, Case No. 08-0387, 2009 WL 211082 (S.D. Ala. Jan. 26, 2009) (collecting published district court decisions which indicate that entry of default and entry of default judgment are two separate steps that should not be combined into one step).

---

[1] The Court remains aware of the outstanding Motions to Dismiss and to Set Aside Default. [DE 16]

As the court noted in *Will-Burn*, "[t]he point is that a clerk's entry of default *must precede* an application to the district judge for entry of default judgment." 2009 WL 211082, at *1 (emphasis added) (citing *Virgin Records America, Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006)).

Here, Ms. Trytko's Motions for Default Judgment came before she even applied to the Clerk for entry of default on May 9, 2017. [DE 10] The Clerk then entered default on May 9, 2017 [DE 11] and Ms. Trytko has made no additional motion for default judgment subsequent to that entry. Therefore, Ms. Trytko misapplied the proper default procedures by filing prematurely for default judgment.

## CONCLUSION

For the reasons stated herein, the Court hereby **DENIES** Plaintiff's April 18, 2017 [DE 4], and May 8, 2017 [DE 9] Motions for Default Judgment as premature.

SO ORDERED.

ENTERED: October 30, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court