UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PEGGY TRYTKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-175 JD |
| | ) |
| U.S. BANK HOME MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

# **ORDER**

Now before the Court is Defendant's[1] combined motion to vacate the Clerk's entry of default and motion to dismiss Plaintiff's complaint. [DE 16] On April 27, 2018, the undersigned referred this motion to Magistrate Judge Michael G. Gotsch, Sr., for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b). [DE 39] Magistrate Judge Gotsch then issued his report and recommendation on August 10, 2018, recommending that Defendant's combined motion be granted. [DE 40] As of this date, no party has filed an objection to the report and recommendation.

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[1] In the instant combined motion, Defendant identifies itself as U.S. Bank National Association and indicates that it was incorrectly named in this lawsuit as U.S. Bank Home Mortgage.

1

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objections have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen (14) days of being served with a copy of the same, and the Magistrate Judge alerted the parties to these requirements in his filing. [DE 40 at 25] More than fourteen days have passed since the parties were served with Magistrate Judge Gotsch's report and recommendation and no party has filed an objection. Consequently, the Court considers there to be no objections to it.

Having reviewed that report and recommendation [DE 40] and finding no clear error therein, the Court hereby **ADOPTS** it in its entirety and incorporates Magistrate Judge Gotsch's recommendations into this Order. Accordingly, the Court now **GRANTS** Defendant's motion [DE 16] in its entirety. Specifically, the Court **VACATES** the Clerk's entry of default [DE 11], and **DISMISSES** Plaintiff's complaint in full, with leave to file an amended complaint within thirty (30) days of this Order.[2]

---

[2] All of Plaintiff's twelve actionable counts will be dismissed. As for Plaintiff's thirteenth "count" for "punitive damages," while it may have survived substantively, as the Magistrate Judge explained, it cannot survive without any underlying claims. [DE 40 at 25]

Additionally, with the entry of default now vacated, the Court **DENIES** the following outstanding motions as moot:

Plaintiff's motion for default judgment [DE 23];

Plaintiff's motions for a ruling on the issue of default judgment [DE 33; DE 35; DE 38];

Defendant's motion to strike Plaintiff's affidavit, attached to her reply in support of default judgment [DE 26]; and

Plaintiff's motion to stay pending ruling on her motion for default judgment. [DE 29]

SO ORDERED.

ENTERED: August 27, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court

3